OPINION & ORDER
Appellant Arthur Longee was charged on October 6, 2005 with Severe Physical Domestic Abuse, in violation of Title VII, Section 244 of the Fort Peck Comprehensive Code of Justice, (“CCOJ 2004”). Tribal Trial Court Judge Richard Jackson presided over a bench trial on March 22, 2006. Following the Tribes’ case in chief, Appellant Longee moved to Dismiss the Complaint on the grounds that he had not committed the offense defined in section 244. The Motion was denied.
Appellant Longee was convicted. This appeal followed. Oral argument was held on April 16, 2007. We affirm the Tribal Court in accordance with the following.
The issue on appeal concerns the interpretation of Section 244. That section provides in relevant part:
Any person who intentionally causes bodily injury of any kind to a family member or household member commits the offense of severe physical abuse, punishable as a felony, as per VII CCOJ 501(1). For purposes of this Section, “family member or household member” means a person, any person, residing with the accused and “residing” means residence in that domicile of a 24 hour period or more.
Testimony at trial indicated that Appellant Longee and the victim had resided together as a couple intermittently over time and *33 had a child together. The last time the victim had resided with Appellant Longee was on September 14, 2005, approximately three weeks prior to the assault. Defendant contends that because the victim did not reside with him on October 5, 2006, that she was not a household member within the meaning of this section.
The standard of review for questions of law is de novo. In other words we need not defer to the legal conclusions of the trial court. However, we determine that the Tribal Court was correct in its legal ruling. Its interpretation of the section is reasonable in these circumstances.
As originally written in 2001, the section at issue here limited domestic abuse to assault committed against persons to whom the perpetrator was married or related to by blood or marriage. In 2004 the provision was amended to expand its scope to all situations that can be considered what is sometimes called, “intimate partner violence”. This purpose is made clear by its use of the phrase “household member” and its expansive definition of “residing”. The section does not require that the victim must have resided with the perpetrator within 24 hours of the assault. The section uses 24 hours to delineate between life partners and a person simply spending a night in a residence.
Thus the victim’s testimony that she did not live in Appellant Longee’s home on October 5, 2005, is beside the point. (Further the Tribes contend that her testimony should be viewed cautiously because she was reluctant to testify at trial.) She had lived with him more than 24 hours in the very recent past and their relationship is the type of relationship the section 244 addressed.
Appellant Longee argues that this section should be interpreted narrowly because it imposes a higher penalty than the assault provision does. While it is essential that persons affected by criminal provisions have clear and definite notice of the conduct prohibited, the analysis of this provision to include the relationship between the victim and Appellant Longee is sound and to be expected under a clear reading of the provision.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The Judgment of the Tribal Court is affirmed.